# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-08-266 |
| | § | C.A. No. C-09-172 |
| PEDRO VEGA-SANCHEZ, | § | |
| Defendant/Movant. | § | |

## ORDER DENYING MOTION TO VACATE,
## SET ASIDE, OR CORRECT SENTENCE AND
## ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Movant Pedro Vega-Sanchez's ("Vega-Sanchez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 37.)[1] The Court ordered the government to respond (D.E. 38), and the government filed an answer and motion to dismiss. (D.E. 39.)  To date, Vega-Sanchez has not filed a reply, and the time for doing so has passed.  For the reasons set forth herein, the Court DENIES Vega-Sanchez's § 2255 motion.  Additionally, the Court DENIES Vega-Sanchez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

### A.   Summary of the Offense

On April 6, 2008, Border Patrol agents encountered Vega-Sanchez at the Sarita, Texas, U.S. Border Patrol checkpoint.  Vega-Sanchez was in possession of a false permanent resident alien card and advised that he illegally entered the United States on or about March 5, 2008 by using that false card.  Immigration record checks showed that Vega-Sanchez is a citizen and national of Mexico, and

---

[1]  Docket entry references are to the criminal case, Cr. C-08-266.

1

that he had previously been ordered removed from the United States subsequent to an aggravated felony conviction for Bail Jumping - Failure to Appeal for Trial, as well as other convictions. (PSR at ¶ 4.)

**B.      Criminal Proceedings**

On April 24, 2008, Vega-Sanchez was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 7.) He pleaded guilty pursuant to a written plea agreement whereby the government would recommend that he be given maximum credit for acceptance of responsibility and that he be sentenced within the applicable guideline range. (D.E. 11; Minute Entry Dated May 9, 2008.) At the conclusion of the rearraignment, the Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 12.)

The PSR calculated Vega-Sanchez's base offense level as an 8. (PSR at ¶ 10.) It then added 8 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C), finding that three of Vega-Sanchez's prior convictions, including a conviction for Bail Jumping - Failure to Appear for Trial, in Case # 1:90CR00134-1, constituted an "aggravated felony" within the meaning of the applicable guideline. (PSR at ¶¶ 11, 22.) After a three-level credit for acceptance of responsibility, the PSR calculated his total offense level as 13. (PSR at ¶¶ 16-19.) When coupled with his criminal history category of V, Vega-Sanchez's advisory guideline range was 30 to 37 months. (PSR at ¶ 48.) Vega-Sanchez did not file any written objections to the PSR. (D.E. 16.)

At sentencing, held on August 4, 2008, Vega-Sanchez's counsel, Assistant Federal Public Defender Jose Gonzalez-Falla, told the Court that he believed the guidelines were correctly scored. (D.E. 28, Sentencing Transcript ("S. Tr.") at 3.) The Court sentenced Vega-Sanchez to 34 months in the Bureau of Prisons, to be followed by three years of supervised release. (S. Tr. at 7.) The

Court also imposed a $100 special assessment.  (S. Tr. at 8; D.E. 21.)  Judgment in his criminal case was entered on August 7, 2008. (D.E. 21.)

Vega-Sanchez timely appealed.  On appeal, the Federal Public Defender filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967) and moved for leave to withdraw.  Vega-Sanchez did not file a response, and the Fifth Circuit found no nonfrivlolous issues for appeal.  The appeal was therefore dismissed on April 30, 2009.  (D.E. 35.)

Vega-Sanchez's § 2255 motion (D.E. 37) was received by the Clerk on July 13, 2009.  It is timely.

### III.  MOVANT'S ALLEGATIONS

Although his motion is lengthy, the Court agrees with the United States' assessment that the motion includes only two grounds for relief.  First, Vega-Sanchez argues that his prior offense of Failure to Appear does not constitute an aggravated felony and that the Court thus erred in imposing the eight-level enhancement.  He argues that the court committed plain error in making this "sentencing calculation error."  (D.E. 37 at 12.)[2]

Second, he argues that the District Court committed error in sentencing him to more than 24 months for illegal re-entry.  Again, although his motion is not clear, the Court construes his claim as challenging his sentence on the ground that it exceeded the alleged two-year statutory maximum in 8 U.S.C. §§ 1326.

In its response, the government argues that the claims in Vega-Sanchez's motion are procedurally barred. (D.E. 39 at 4-5.)  It also argues that Vega-Sanchez's claims fail on their merits.

---

[2] As at least part of his argument, Vega-Sanchez appears to contend that his prior conviction for Failure to Appear should not have constituted an aggravated felony because he was only sentenced to probation.  (D.E. 37 at 13.) In fact, the sentence he received for that offense was fifteen months in the custody of the Bureau of Prisons.  This portion of his argument is thus patently frivolous and will not be addressed further.

For the reasons set forth herein, the Court concludes that Vega-Sanchez's claims do not entitle him to relief. It therefore DENIES his motion.

## IV. DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B.    Procedural Default

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Vega-Sanchez did not object at sentencing or on appeal to the eight-level enhancement for his prior aggravated felony, not did he raise a challenge that his sentence exceeded the statutory maximum for his offense.   Additionally, he has not alleged or shown cause and prejudice here, nor has he alleged or shown that he is actually innocent of the crime.   Accordingly, his claims are procedurally barred from consideration here.   Moreover, as discussed herein, even if they were properly before the Court, Vega-Sanchez's claims fail on their merits.

## C.     Vega-Sanchez's Challenge to His Sentence

As an initial matter, Vega-Sanchez's first claim is essentially a claim that the Court erred in its application of the sentencing guidelines.   To the extent that he is questioning the Court's application of the guidelines, his claim is not cognizable here.   United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (claims that the sentencing guidelines were misapplied are not cognizable in § 2255 motion).

Both of his claims also fail on their merits.   Vega-Sanchez's indictment referenced 8 U.S.C. § 1326(b)(2) as the statutory punishment clause, which carries a maximum statutory punishment of twenty years imprisonment if a defendant illegally re-enters the United States after removal, and the "removal was subsequent to a conviction for commission of an aggravated felony."   8 U.S.C. § 1326(b)(2). As noted, Vega contends that his prior conviction for "failure to appear" does not constitute an aggravated felony.

Vega-Sanchez's failure to appear charge, a violation of 18 U.S.C. § 3146(a) and 3146(b)(1)(A)(ii), arose after he had been indicted in a federal case with felony conspiracy to distribute 698 pounds of marijuana, a charge that carried a maximum term of imprisonment of 40 years. On April 10, 1990, he failed to appear for trial on the marijuana conspiracy charges.   He was

sentenced in the failure to appear case to 15 months in custody and a three-year supervised release term in January 1996, and was deported on October 11, 1996. (PSR at ¶ 22.)

Pursuant to U.S.S.G. § 2L1.2(b)(1)(C), appl. note 3, the term "aggravated felony" is defined by reference to 8 U.S.C. § 1101(a)(43).  This provision includes a number of subsections, each one listing offenses that constitute "aggravated felonies." 8 U.S.C. § 1101(a)(43).  Vega-Sanchez's PSR does not specify under which subsection of 1101(a)(43) Vega-Sanchez's failure to appear conviction falls.  In its response to his § 2255 motion, the United States contends that subsection (Q) is applicable.  (D.E. 39 at 6.)  On its face, that subsection does not appear to apply here.  Subsection Q defines an aggravated felony as including an "offense relating to a failure to appear by a defendant for service of sentence if the underlying offense is punishable by imprisonment for a term of 5 years or more."   In this case, although Vega-Sanchez failed to appear and his underlying offense (conspiracy to possess with intent to distribute marijuana) is punishable by a term of imprisonment greater than five years, Vega-Sanchez did not technically fail to appear for "service of sentence." Instead,  he failed to appear for trial; he had not yet been convicted of the underlying offense, nor had sentence been imposed.

His failure to appear conviction potentially falls within two other subsections of § 1101(a)(43), however.  First, subsection (T) defines aggravated felony as including "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(T).  At least one federal appellate court, however, has questioned the provision's applicability in a case strikingly similar to the instant case.  See Renteria-Morales v. Mukasey, 551 F.3d 1076, 1084-85 (9th Cir. 2008) (insufficient information was before the sentencing court to show that defendant's failure to appear pursuant to a condition of bond (charged

6

as a violation of § 3146) was a failure to appear "pursuant to a court order." Thus, subsection (T) did not apply.

Additionally, subsection (S), while it does not seem as obviously applicable as (T), might also render Vega-Sanchez's failure to appear conviction an aggravated felony.  That subsection includes as an aggravated felony "an offense relating to obstruction of justice ... for which the term of imprisonment is at least one year."  8 U.S.C. § 1101(a)(43)(S).   In <u>Renteria-Morales</u>, 551 F.3d at 1086-1089, the court concluded that subsection (S) encompassed a conviction for failure to appear for trial pursuant to 18 U.S.C. § 3146 where the sentence imposed was at least one year..  Under the reasoning of that case, Vega-Sanchez's failure to appear conviction under 18 U.S.C. § 3146, for which he was sentenced to a 15-month term of imprisonment, would clearly fall under subsection (S).

The Court need not determine which of these subsections is applicable here, because significantly, even if Vega-Sanchez's failure to appear conviction did not constitute an aggravated felony, his PSR referenced two other prior convictions that also supported the eight-level enhancement for an aggravated felony.  Notably, Vega-Sanchez does not argue in his § 2255 motion that those convictions do not qualify as aggravated felonies.  Moreover, the PSR and legal authority establish that those convictions constituted aggravated felonies, as well.

First, his conviction for possession of marijuana after a previous drug-related conviction for possession of marijuana would qualify as an aggravated felony.  (<u>See</u> PSR at ¶¶ 11, 21, 25); <u>United States v. Cepeda-Rios</u>, 530 F.3d 333, 335 (5th Cir. 2008) (analyzing the meaning of a "drug trafficking crime" in subsection (B) of § 1101(a)(43) and holding that a defendant's two prior state convictions for possession of a controlled substance warranted the aggravated felony enhancement because the second conviction could have been punished under 21 U.S.C. § 844 as a felony).

7

Similarly, his prior illegal re-entry case (in conjunction with his prior drug convictions) would also qualify as an aggravated felony.  (PSR at ¶¶ 11, 27); see also 8 U.S.C. § 1101(a)(43)(O) (an aggravated felony includes "an offense described in section 1325(a) or 1326 of this title committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph).

For all of these reasons, the Court did not err in enhancing Vega-Sanchez's offense level eight levels for a prior conviction for an aggravated felony.  Additionally, Vega-Sanchez's statutory maximum sentence was twenty years, not two.  Because no error has been shown, Vega-Sanchez's claims do not entitle him to relief. Vega-Sanchez's § 2255 motion (D.E. 37) is therefore DENIED.

## D.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Vega-Sanchez has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.  The Court thus turns to whether Vega-Sanchez is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires

a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Vega-Sanchez is not entitled to a COA.  That is, reasonable jurists could not debate the Court's conclusion that Vega-Sanchez has procedurally defaulted his claims.  Moreover, jurists of reason could not debate that Vega-Sanchez's claims fail on their merits, or debate that the issues he raises deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V.  CONCLUSION

For the above-stated reasons, Vega-Sanchez's motion under 28 U.S.C. § 2255 (D.E. 37) is DENIED.  The Court also DENIES Vega-Sanchez a Certificate of Appealability.

It is so ORDERED this 1st day of June, 2010.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

9